IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CURTIS LEE MORRISON,

    Petitioner,

v.

SUPREME COURT OF CALIFORNIA,

    Respondent.

No. C-09-4227 TEH (PR)

ORDER OF DISMISSAL; DENYING CERTIFICATE OF APPEALABILITY

Petitioner, a California prisoner proceeding pro se, has filed the above-titled Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a 1974 judgment of the Contra Costa County superior court. For the reasons set forth below, the Court finds the Petition is subject to dismissal because it is second or successive and Petitioner has not sought or obtained authorization from the Ninth Circuit Court of Appeals to file a second or successive petition as mandated under 28 U.S.C. § 2244(b)(3).

//
//
//

I

In 1974, Petitioner was convicted in Contra Costa County Superior Court of murder and assault on a peace officer. The jury found true special allegations that Petitioner was a felon in possession of a firearm. Petitioner was sentenced to a term of seven years-to-life in state prison. Subsequently, petitioner filed state habeas corpus petitions challenging his conviction and sentence, which were denied.

Thereafter, in 1990, petitioner filed in this Court a habeas corpus petition challenging his 1974 conviction and sentence. See Morrison v. Estelle, No. C-90-2858 TEH (PR) (N.D. Cal. filed Oct. 4, 1990). On December 2, 1991, the Court denied the petition on the merits. See id. Doc. #27. On appeal, the Ninth Circuit affirmed the Court's order denying Petitioner relief. See id. Doc. #40.

On September 11, 2009, Petitioner filed the instant Petition. Doc. #1.

II

A

Before a second or successive habeas petition may be filed in the district court, the petitioner must first obtain from the appropriate court of appeals an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Where a claim presented in a second or successive habeas corpus petition under 28 U.S.C. § 2254 has been presented in a prior petition, such claim

must be dismissed. Id. § 2244(b)(1). Where a claim presented in a second or successive habeas corpus petition under § 2254 has not been presented in a prior petition, such claim likewise must be dismissed, unless: (1) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. Id. § 2244(b)(2).

By the instant Petition, Petitioner seeks to obtain access, under California law, to post-conviction DNA testing that he alleges will enable him to show he is innocent of the crimes for which he was convicted in 1974. Doc. #1. Specifically, Petitioner seeks to have tested a "knit cap[] seen worn by the killer as he fought with the officer" because "a fiber from the knit cap was found on the handle of the gun used to kill the officer, but none of the physical evidence implicated [petitioner], only eye witnesses and circumstantial evidence." Id. at 3.

B

In denying Petitioner relief from his prior habeas petition filed in 1990, the Court observed "the record indicates that there was evidence at trial to show that [Petitioner] had robbed his victim, a police officer, before killing him." See

<u>Morrison v. Estelle</u>, No. C-90-2858 TEH (PR) (N.D. Cal. filed Oct. 4, 1990), Doc. #27 at 3. On appeal, the Ninth Circuit summarized the evidence presented at trial as follows:

> On April 21, 1973, [Petitioner] and his nephew were driving on Highway Four in a pickup truck when the drive shaft of the truck broke and the vehicle coasted to a stop. While his nephew left to get help, [Petitioner] tried to remove the truck's U-bolts in preparation for installing a new drive shaft. Martinez Police Officer Thomas Tarantino stopped by the side of the highway to see if [Petitioner] needed help.
>
> Several witnesses testified as to what happened after Officer Tarantino stopped to help [Petitioner]. After an initial conversation, Officer Tarantino frisked [Petitioner]. The two men were next seen wrestling on the ground, after which [Petitioner] threw Officer Tarantino onto the highway. Sylvia Young testified that she saw [Petitioner] holding what appeared to be a police service revolver. Cheryl Balsdon testified that [Petitioner] waived a gun in the air and pointed it at the officer's head. William Boydston saw the officer and [Petitioner] struggling, heard three shots, and saw the officer fall. This witness saw the officer stand and further struggle with [Petitioner] until the officer fell again. Boydston heard one more shot.
>
> Officer Tarantino died at the hospital from gunshot wounds to his head and stomach. The officer's revolver was found on a hillside at the scene. The revolver contained two unfired bullets and four cartridge cases.
>
> [Petitioner's] driver's license was found in the officer's uniform shirt pocket, and [Petitioner's] .22 caliber gun was found in the officer's right front pants pocket. Officer Tarantino had a habit of putting the license of a person in custody in his shirt pocket and of putting any evidence taken by him in his right front pants pocket. [Petitioner] was an ex-felon on parole.

<u>Morrison v. Estelle</u>, 981 F.2d 425, 426-27 (9th Cir. 1992).

4

C

Because Petitioner did not present his claim of actual innocence in his prior petition, to avoid dismissal of the instant Petition as second or successive he must show either that the claim he now raises relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. See 28 U.S.C. § 2244(b)(2). He has failed to do so.

As a result, the instant Petition may not go forward until Petitioner obtains from the Ninth Circuit Court of Appeals an order authorizing him to file a second or successive petition in this Court. Accordingly, the Petition will be dismissed without prejudice to Petitioner's refiling if he obtains the necessary order.

//
//
//
//
//
//
//

5

III

For the reasons stated above, pursuant to 28 U.S.C. § 2244(b) the petition is hereby DISMISSED without prejudice as a second or second successive petition.

Further, a Certificate of Appealability is DENIED. <u>See</u> Rule 11(a) of the Rules Governing Section 2254 Cases (eff. Dec. 1, 2009). Petitioner is advised that he may not appeal the denial of a Certificate of Appealability in this Court; rather, he may seek a certificate from the court of appeals

The Clerk is directed to terminate all pending motions as moot and close the file.

IT IS SO ORDERED.

DATED   01/22/10                    _____
                                    **THELTON E. HENDERSON**
                                    United States District Judge

G:\PRO-SE\TEH\HC.09\Morrison-09-4227-dismiss-successive.wpd

6